IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID JORDAN,

      Plaintiff,

v.

OFFICER BRAMMEIER
and JOHN M. BARWICK,

      Defendants.

Case No. 25-cv-381-MAB

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

    Plaintiff David Jordan, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Jordan alleges that Defendants were deliberately indifferent to the conditions of numerous cells in violation of the Eighth Amendment.

    This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and Wexford Health Sources, Inc., to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court and these two entities.

1

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

On May 27, 2024, Jordan was assigned to the restrictive housing unit (Doc. 1, p. 7). He was placed in Cell 57, A wing, in 5 House (*Id*.). The cell lacked power and an emergency panic button (*Id*.). The cell was also filthy, extremely hot, and the ventilation system was filled with dust, rust, mold, and other debris (*Id*.). He raised multiple complaints about the conditions and requested cleaning supplies, maintenance to fix the power and heating issues, and for hygiene products (*Id*.). Jordan noted that he was preparing his defense for his disciplinary ticket, and it was difficult to prepare due to the conditions in the cell. He alleges that Officer Brammeier and Warden John M. Barwick denied his requests (*Id*.).

Jordan was ultimately found guilty of his disciplinary report and remained in restrictive housing. On June 5, 2024, he was moved to Cell 22, C wing, which was also in 5 House (Doc. 1, p. 8). This cell was also without power, and the conditions were similar to his previous cell (*Id*.). He refused placement in the cell because of the conditions and received a disciplinary ticket (*Id*.). He specifically spoke to Officer Brammeier about the conditions and was told he had to move into the cell assigned (*Id*.). Brammeier told him to file a grievance about the conditions.

On June 12, 2024, Jordan was moved to Cell 29, A wing (Doc. 1, p. 8). This cell was flooded with feces, urine, and sewage due to an issue with the plumbing (*Id*.). Jordan requested cleaning supplies from Officer Brammeier, but his request was denied despite

2

the obvious presence of sewage (*Id.*). Jordan attempted to clean the cell with his t-shirt and towels but ultimately vomited from the conditions (*Id.*). Jordan experienced issues with his mental health due to the conditions (*Id.* at p. 9). Jordan notes that one inmate in the unit did commit suicide as a result of the conditions. He requested a crisis team from Brammeier, but his requests were denied (*Id.*). During his entire stay in restrictive housing, Jordan never received cleaning supplies. Jordan alleges that Brammeier purposefully denied him access to cleaning supplies because of Jordan's complaints about the conditions in the cells. Upon his release from restrictive housing, Brammeier explained that he was denied supplies due to being annoying and making complaints about the condition of his cell (*Id.*).

## Discussion

Based on the allegations in the Complaint, the Court designates the following counts:

> **Count 1:** **Eighth Amendment conditions of confinement claim against Officer Brammeier and John M. Barwick for housing Jordan in unsanitary cells and refusing his requests for cleaning supplies.**
>
> **Count 2:** **First Amendment retaliation claim against Officer Brammeier for denying Jordan access to cleaning supplies in retaliation for the complaints Jordan made about his conditions.**
>
> **Count 3:** **Eighth Amendment deliberate indifference claim against Officer Brammeier for denying Jordan access to mental health services.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is**

**mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

At this stage, Jordan states a viable claim in Count 1 against Officer Brammeier. He alleges that he spoke to Brammeier on numerous occasions about the conditions of his cell and asked for cleaning supplies. He alleges that Brammeier refused him cleaning supplies and told him he had to go into the cell despite its condition. That is enough at this stage to state an Eighth Amendment claim. *See Vinning-El v. Long,* 482 F.3d 923, 924 (7th Cir. 2007). Jordan fails, however, to state a claim against Warden Barwick. He only states in conclusory fashion that he "raised multiple complaints" and Warden Barwick ignored or denied his requests. Jordan fails to allege when he spoke to Barwick, how he made those complaints to Barwick, or whether Barwick was aware of the conditions Jordan experienced. A successful complaint generally alleges "the who, what, when, where, and how…" *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Without more factual allegations regarding Jordan's interactions with Barwick, he simply fails to state a claim as to Warden Barwick. Thus, the claim against Barwick in Count 1 is **DISMISSED without prejudice**.

Jordan also states a retaliation claim in Count 2 against Brammeier. He alleges that he made verbal complaints and submitted grievances about his conditions in restrictive housing. In response, he alleges that Brammeier denied him cleaning supplies, noting

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

that Jordan was being "annoying" with his complaints (Doc. 1, p. 9). That is enough to state a claim at this stage. *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014) (In order to state a retaliation claim, a plaintiff must allege that he engaged in protected activity, "suffered a deprivation likely to deter such activity," and the "First Amendment activity was at least a motivating factor in the decision to impose the deprivation.").

Jordan fails, however, to state a claim against Brammeier for his lack of access to mental health services. Although Jordan alleges that he asked to see a crisis team and was denied access by Brammeier and others, he fails to provide pertinent facts about his claim. Jordan fails to indicate when he spoke to Brammeier about his mental health and Brammeier's response. His conclusory statements that he was denied a crisis team simply does not contain sufficient factual allegations to state a claim in Count 3. Thus, Count 3 is **DISMISSED without prejudice**.

### Motion for Counsel

As to his motion for counsel (Doc. 3), Jordan indicates that he has a high school degree, but that he had a fellow inmate help him with his filing. But in determining whether to recruit counsel, the Court must make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Here, the Court is not convinced that Jordan has made a reasonable attempt to obtain counsel on his own. Although Jordan alleges that he wrote various law firms, he does not identify those firms. Nor does he indicate when he wrote the firms. Because Jordan fails to demonstrate that

he has sought counsel for his case, his motion is **DENIED**. Should he choose to move for recruitment of counsel at a later date, the Court directs Jordan to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. If he is unable to contact an attorney, he should include a statement explaining why he cannot meet this threshold requirement.

## Disposition

For the reasons stated above, Counts 1 and 2 shall procced against Officer Brammeier. Count 1 against John Barwick and Count 3 against Brammeier are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Officer Brammeier: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Jordan. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the defendant can no longer be found at the work address provided by Jordan, the employer shall furnish the Clerk with the defendant's current work address, or, if not

known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Jordan, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Jordan is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 13, 2024**

/s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**

7

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendant of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**